IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 09-CV-02964-RPM-KMT

MARC GEER AND KEN MARTINEAU,
Individually and On Behalf of Others Similarly Situated,

    Plaintiffs,

v.

CUDD PUMPING SERVICES, INC.

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon consideration of the Stipulation of the parties' motion for the entry of a Protective Order as it relates to documents and information produced in response to the disclosure requirements of Rule 26 and discovery requests:

IT IS HEREBY ORDERED, as follows:

1. Any document which is produced in this action by any party for inspection and/or copying, whether such production is made voluntarily in response to an informal request, in response to a formal discovery request by another attorney, pursuant to Order of Court, or in compliance with Fed.R.Civ.P. 26 may be designated by the producing party as a confidential document by stamping or otherwise designating the document "Confidential." Such designation shall be made only upon the designating party's good faith belief that the material constitutes proprietary information, confidential personnel information, trade secrets, confidential research or development or commercial information.

2. Neither the contents nor the substance of confidential documents or information may be disclosed to anyone other than the attorneys who are participating in the prosecution or

defense of this action, legal support personnel employed by such attorneys, the Court, the parties (including in-house counsel), their witnesses and consulting experts or expert witnesses.

3. Confidential information, whether divulged through the use of this Order or other methods of discovery, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, trial of this action, and appeals of part or all of this action.

4. Prior to disclosure of any designated confidential documents by counsel or their legal support staff to their witnesses, or consulting or testifying expert witnesses, counsel shall secure the expert's signature on an agreement in the form attached as Exhibit A, hereto, that such expert will be bound by the terms and conditions contained in this Stipulated Protective Order.

5. Inadvertent Disclosure. If a party through inadvertence produces or provides discovery of any Confidential information without labeling or otherwise designating it under the terms of this Protective Order, within 45 days of such inadvertent disclosure, the Disclosing Party may give written notice to the Receiving Party that the document, thing, or other discovery information, response, or testimony should be treated in accordance with the provisions of this Protective Order, provided that the party making the designation provides properly designated replacement copies. The Receiving Party must treat the documents, things, information, responses and testimony as designated from the date the notice is received. Disclosure to a non-authorized person of the documents, things, information, responses, and testimony prior to receipt of the notice is not a violation of this Protective Order; however, the Receiving Party parties will notify those persons to whom disclosure was made that the disclosed material must thereafter be treated in accordance with this Protective Order.

6. Nothing in this Order shall preclude any party or its attorneys from (a) showing a document designated Confidential at a deposition or other proceeding to an individual who

prepared, received, reviewed or had access to the document prior to his or her deposition, (b) using at a deposition or other proceeding of an employee, former employee or expert of a party any document that the employee's or expert's party designated Confidential, or (c) disclosing or using, in any manner or for any purpose, any information or documents that the party itself has designated Confidential.

7. If any transcripts of depositions, answers to interrogatories, motions, briefs or other pleadings that are to be filed with the Court include copies of documents subject to this Order, summarize material from such documents, or otherwise divulge information which is determined in good faith to constitute proprietary information, confidential personnel information, trade secrets, confidential research or development or commercial information, such pleadings or other papers shall be filed with the Clerk pursuant to the procedures set forth in the Local Rules.

8. In the absence of a stipulation of the parties or further order of the Court, the fact that a document or information divulged is designated confidential shall not be admissible into evidence, nor shall the trier of fact be advised of such designation during the trial of this action. The Designating Party shall be entitled, but not required, not later than fifteen (15) days prior to the date set for trial, to copy and deliver at its own expense to the opposing party unmarked copies of documents containing Confidential Information.

9. Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, parties, and consulting experts or expert witnesses who are participating in the prosecution or defense of this action, and other persons to whom disclosure of any other parties' documents or confidential information may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

10. A party shall not be obligated to challenge the propriety of any designation of confidential information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this action disagrees at any stage of this action with any designation, such party shall provide written notice of its disagreement with the designation to the Disclosing Party. The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court after three business days. The burden of proving that information has been properly designated as Confidential is on the party who or which designates the information as Confidential.

11. Any party shall have the right to apply to the Court, upon reasonable notice to the other party, for any order permitting further disclosure or declassification of any document upon a showing that such an order is necessary for adequate preparation of the party's case or to otherwise protect the party's interest.

12. Upon final termination of this action, including all appeals, or three years whichever is later, at the request of any party, the other party shall return to the requesting party all designated confidential documents produced in this action by that party, including any copies, extracts or summaries thereof, or documents containing information taken therefrom, but excluding any materials which, in the judgment of counsel, are work product materials. After final termination of this action, counsel will take such steps as the requesting party may reasonably request to ensure the continued protection of information contained in work product materials.

13. Nothing in this Order shall be deemed to require disclosure of confidential documents or information when such information or documents are protected from disclosure by either the

presence of a privilege, trade secret status, or other classification prohibiting such disclosure or production.

Stipulated to by the parties this 18th day of January, 2011.

| | |
|---|---|
| */s/ Todd J. McNamara* | */s/ David B. Seserman* |
| Todd J. McNamara | David B. Seserman |
| McNamara, Roseman, Martinez & Kazmierski, LLP | Brosseau Bartlett Seserman, LLC |
| 1640 East 18th Avenue | 1600 Broadway, Suite 1600 |
| Denver, Colorado 80218 | Denver, CO  80202 |
| Telephone:  303-333-8700 | Telephone:  (303) 812-1200 |
| Fax:  303-331-6967 | Fax:  (303) 812-1212 |
| tjm@18thavelaw.com | dseserman@bbs-legal.com |
| | |
| AND | ATTORNEYS FOR DEFENDANT CUDD PUMPING SERVICES, INC. |
| | |
| Josh Sanford | |
| Sanford Law Firm | |
| One Financial Center | |
| 650 S. Shackleford, Suite 400 | |
| Little Rock, Arkansas 72211 | |
| | |
| ATTORNEYS FOR PLAINTIFFS | |

ORDERED this  19th day of January, 2011.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge